IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

CHEYENNE MISSEY, by and through her )
mother, natural guardian and next friend )
SHELBY MISSEY, )
                                 )
            Plaintiff, )
                                 )
vs. )      No. 08-3212
                                 )
CITY OF STAUNTON, ILLINOIS; FRED )
STEIN, individually, and in his capacity )
as Mayor of Staunton; HANK FEY, )
individually and in his capacity as the )
Public Works Director with the City of )
Staunton; and MARILYN HERBECK, )
individually and in her capacity as the )
City Clerk of the City of Staunton, )
                                 )
           Defendants. )

OPINION

RICHARD MILLS, U.S. District Judge:

      This case is before the Court on the Defendants' motion under Federal

Rule of Civil Procedure 12(b)(6) to dismiss the Plaintiff's complaint.

# I. BACKGROUND

This case was filed in the Seventh Judicial Circuit Court, Carlinville, Macoupin County, Illinois, and removed to this Court on September 23, 2008. On September 24, 2008, United States Magistrate Judge Byron G. Cudmore entered a Text Order granting the Plaintiff until October 24, 2008 to file objections to the Notice of Removal. On September 30, the Defendants filed the instant motion to dismiss. The Plaintiff has neither filed objections to the Notice of Removal nor responded to the motion.

In support of the motion to dismiss, the Defendants allege that although the Plaintiff's complaint is vague, it appears to allege that the Defendants failed to sufficiently warn that the public water was contaminated, thereby violating the Plaintiff's constitutional rights. The complaint alleges that on July 18, 2007, Plaintiff Cheyenne Missey was exposed to the bacteria Escherichia coli (E-Coli) from the public water in the City of Staunton, Illinois.

The Plaintiff further alleges that Defendants City of Staunton, Illinois; Fred Stein, individually and in his capacity as Mayor of Staunton; Hank

2

Fey, individually and in his capacity as the Public Works Director with the City of Staunton; Marilyn Herbeck, individually and in her capacity as the City Clerk of the City of Staunton, were at all times aware of the dangerous parasites and failed to provide the townspeople with this pertinent information.  Moreover, the Defendants are entities of local government and have a role in owning, operating, managing, directing and controlling the City Public Water Facility.

The complaint alleges that Cheyenne Missey was infected with E-Coli because of the Defendants' reckless disregard in failing to release pertinent information.  She was hospitalized and spent several days in treatment for her infection.  According to the complaint, Missey now faces future illness and damages as a result of the recklessness of the defendants' failing to release the information regarding the parasites contained in the drinking water.  The Plaintiff claims this violated her constitutional rights.

The Plaintiff alleges that on July 18, 2007, the Defendants issued a boil order for the drinking water, but failed to notify the residents of Staunton about the dangers associated with the water contamination.  She

claims that Defendants acted with reckless disregard in not revealing this information to the public.

The complaint further alleges that Cheyenne Missey was hospitalized on July 27, 2007.  She remained in the hospital for three days.  After she was released, she remained on antibiotics and was told to return and have more testing on her blood.  The Plaintiff soon returned to Oliver Anderson Hospital in Maryville, Illinois, for further treatment with antibiotics and more tests.   She continued to take the antibiotics prescribed by her physicians until she was told to stop.  The complaint alleges there is still reason to believe she will suffer permanent injuries as a result of the damages sustained from the bacteria and parasites to which she was exposed.  The Plaintiff goes on to note the damage that may result because of the Defendants' alleged reckless disregard.

The Defendants have filed a motion to dismiss the Plaintiff's complaint.  The Plaintiff did not respond to the Defendants' motion.

## II. ANALYSIS

A plaintiff must first provide sufficient detail so as to give the

4

defendant "fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v Twombly, _ U.S. _, 127 S. Ct. 1955, 1964 (2007) (quotations and citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic, 127 S. Ct. at 1965 (citation omitted). Although detailed allegations are not required, a plaintiff must do more than simply allege legal conclusions. Id. at 1964-65 (citations omitted). "A complaint must now include 'enough facts to state a claim to relief that is plausible on its face.'" Khorrami v. Rolince, 539 F.3d 782, 788 (7th Cir. 2008) (quoting Bell Atlantic, 539 F.3d at 788).

(A)

It appears that, to the extent the Plaintiff seeks to assert a federal claim, the claim is made pursuant to 42 U.S.C. § 1983, though the complaint does not specify that to be the case. The Defendants note the complaint does not say what constitutional rights were allegedly violated, nor under what statute the Plaintiff is suing. It states that Plaintiff seeks to recover attorney's fees, expert fees and costs under 42 U.S.C. § 1988.

5

Unless there is a violation of a constitutional right or federal law, the Plaintiff cannot prevail in a suit which is brought pursuant to section 1983. See 42 U.S.C. § 1983.  The Plaintiff has not alleged any specific constitutional injury, nor has she identified any constitutional right that was violated.  The Defendants allege this is because there is no constitutional requirement to "expose the issues regarding water contamination" after a boil order is issued.  Moreover, the Plaintiff has not alleged any federal statute under which she is suing, apparently because there is not one that is applicable.  Consequently, the Defendants assert that Plaintiff fails to state a claim upon which relief can be granted.  At most, she is asserting a negligence action.

The Court agrees that, to the extent Plaintiff seeks to assert a violation of her federal Constitutional rights, she has failed to do so.

The Defendants further allege that the Safe Drinking Water Act, see 42 U.S.C. §§ 300f et seq. ("SDWA"), preempts the Plaintiff's action for an alleged violation of constitutional rights.  They point to Mattoon v. City of Pittsfield, 980 F.2d 1(1st Cir. 1992), wherein the First Circuit held that

6

"[c]omprehensive federal statutory schemes, such as the SDWA, preclude rights of action under section 1983 for alleged deprivations of constitutional rights in the field occupied by the federal statutory scheme." <u>Id.</u> at 6 (citations omitted). The court in <u>Mattoon</u> further observed that "Congress occupied the field of public drinking water regulation with its enactment of the SDWA." <u>Id.</u> at 4. The Court agrees with the First Circuit's analysis in <u>Mattoon</u> and finds that any constitutional claims or other claims under federal law are preempted by the SDWA.

(B)

The Defendants next allege to the extent that Plaintiff's complaint asserts a common law negligence claim, it should be dismissed because the Defendants are immune from liability pursuant to the Illinois Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act"), the relevant portions of which provide:

> Neither a local public entity nor a public employee is liable for an injury resulting from the policy decision to perform or not to perform any act to promote the public health of the community by preventing disease or controlling the communication of disease within the community if such decision was the result of the exercise of discretion vested in the local public entity or the

7

public employee, whether or not such discretion was abused.

745 ILCS 10/6-104(a) ("Section 6-104(a)").

A local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable.

745 ILCS 10/2-109 ("Section 2-109").

Except as otherwise provided by Statute, a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused.

745 ILCS 10/2-201 ("Section 2-201").

It is not entirely clear that Plaintiff's complaint alleges a common law negligence action against any of the Defendants.  To the extent that Plaintiff is pursuing any such claims, the Court agrees they are barred by the Tort Immunity Act.   Section 6-104(a) and section 2-201 preclude negligence claims against the discretionary acts of the individual Defendants.  Section 2-109 precludes such a claim against the City.  Thus, the Defendants cannot be held liable for their discretionary policy decision to issue a boil order while not listing the specific contaminants in the water.

Ergo, the Defendant's unopposed motion pursuant to Rule 12(b)(6)

3:08-cv-03212-RM-BGC   # 8   Page 9 of 9

to dismiss the complaint [d/e 5] is GRANTED.

ENTER: November 13, 2008

FOR THE COURT:

s/Richard Mills
United States District Judge